Matter of Kim (2023 NY Slip Op 03010)

Matter of Kim

2023 NY Slip Op 03010

Decided on June 7, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.

2021-09136

[*1]In the Matter of Peter Hyun Kim, an attorney and counselor-at-law. (Attorney Registration No. 2638120)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the First Judicial Department on September 19, 1994. By order to show cause dated March 17, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey filed May 13, 2021.

Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Court of New Jersey filed May 13, 2021, the respondent was disbarred by consent, effective immediately, his name was stricken from the roll of attorneys, and he was permanently restrained and enjoined from practicing law in that state. The order was predicated on a matter pending against the respondent under Docket No. XIV-2021-0022E and on the respondent's "Disbarment by Consent from the Bar of the State of New Jersey," sworn to by the respondent on May 3, 2021. In the consent, the respondent stated that he consulted with counsel prior to completing the form and that his consent to disbarment was knowingly and voluntarily made. The respondent further stated that he was aware of the allegations against him of "knowing misappropriation of client funds." He acknowledged that the allegations were true, and that if he went to a hearing on the matter, he could not successfully defend himself against those allegations.
Although a copy of this Court's order to show cause dated March 17, 2022, was served on the respondent by mail and email on March 22, 2022, he failed to either file a response or to request additional time in which to do so.
Accordingly, based on the findings of the Supreme Court of New Jersey, we find that the imposition of reciprocal discipline is warranted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, CONNOLLY and FORD, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Peter Hyun Kim, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Peter Hyun Kim, shall comply with the rules [*2]governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Peter Hyun Kim, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Peter Hyun Kim, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court